## WILLIAM S. WOODWORTH *vs.* WILLIAM RANZEHOUSEN & Trustees.

An officer's return on a trustee process, that he has served the same on a certain agent of the alleged trustees, is conclusive evidence that the service was made on such agent.

IN this case, the officer's return stated that, on the 3d of February, 1851, he summoned the Western Railroad Corporation, who were named in the writ as trustees of the principal defendant, " by giving Seth W. Norton, agent for said corporation at Pittsfield, in hand, a true copy of the writ," &c.

The said alleged trustees moved the court that they might be discharged, on the grounds, that the summons was served only on one Green, a ticket clerk of the corporation at Pittsfield, and not on " any officer having charge of their business," within the meaning of the Rev. Sts. *c.* 90, § 43; that said Norton was the only agent of the corporation at Pittsfield having charge of their business; and that notice of this service did not reach any of their officers at Springfield, where their principal office, from which all payments to their servants were made, was located, until after they had paid to the principal defendant, who was a workman in their employ, the full amount of his goods, effects, and credits in their hands at the time of the service on Green; which payment they made on the 8th of February, 1851.

*J. D. Colt,* for the trustees, cited Rev. Sts. *c.* 109, § 5; *Williams* v. *Marston,* 3 Pick. 66; *Robinson* v. *Hall,* 3 Met. 301;

Rev. Sts. *c.* 90, § 43; *Sibley* v. *Smith*, 19 Pick. 547; *Smith* v. *Stearns*, 19 Pick. 20; *Crossman* v. *Crossman*, 21 Pick. 25; *Hawes* v. *Langton*, 8 Pick. 71; *Barker* v. *Taber*, 4 Mass. 81

*H. W. Taft*, for the plaintiff.

FLETCHER, J. The trustees, by their answer, admit, that at the time of the service of the writ, they owed the principal defendant a certain sum; but they insist, that they are not chargeable as trustees, for the reason that the writ was served only on a ticket clerk of the corporation, and not on one Norton, the agent of the company, on whom, they maintain, it should have been served; and they allege, that by reason of such defective service, or some other reason, they made payment of the sum due from them to the principal defendant, before they had any notice of the suit.

But the officer returns that the writ was served personally on Norton, who was the proper agent of the trustees, as they themselves allege, on whom to make service. That the return of the officer must be conclusive as to the fact of service, is too familiar and well settled a principle of law, to be now questioned. The service, therefore, appears to have been made personally on the proper officer of the trustees, on the 3d of February, and the payment was made by the trustees to the principal defendant on the 8th of February, five days after the service, and when there had been ample time for information to have reached the proper officer of the corporation, so as to have prevented the payment. The payment by the trustees was, therefore, made in their own wrong, and cannot avail them. This case is not within the provisions of the statute as to payments without notice, and is not like the cases referred to in the argument for the trustees.

*Trustees charged.*